E-FILED
Friday, 21 October, 2016 02:21:37 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **DETRICK CULLUM,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No.: 16-3058-MMM |
| | ) |
| | ) |
| **INTERNAL AFFAIRS OFFICER** | ) |
| **CRARY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Detrick Cullum's Complaint.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Cullum is an inmate within the Illinois Department of Corrections ("IDOC") who is currently being housed at the Hill Correctional Center ("Hill"). During the relevant time, Cullum was housed at the Western Illinois Correctional Center ("Western Illinois").

Cullum alleges that, on January 11, 2015, he approached an unknown sergeant at Western Illinois and reported that he believed that his safety was in peril. The sergeant told Cullum that he would let Defendant Internal Affairs Officer Crary know that Cullum wanted to speak with him.

Sometime thereafter, Cullum was taken to an office where he was interviewed by IA Officer Crary. Cullum told IA Officer Crary that an inmate known as "Joe Joe" had threatened him with physical harm because his cousin was involved in Cullum's criminal case. Cullum also told IA Officer Crary that he feared Defendant Correctional Officer Todd Sheffler because he had bad experiences with Officer Sheffler when both were at the Big Muddy River Correctional Center, and he knew that Officer Sheffler was now working at Western Illinois. Thereafter,

Cullum was taken to segregation where Officer Sheffler was working. IA Officer Crary, however, assured Cullum that Officer Sheffler would not bother him.

On January 26, 2015, IA Officer Crary informed Cullum that he had completed his investigation and that he could not locate "Joe Joe." IA Officer Crary further said that, if he discovered Joe Joe's location, he would put a "keep safe from" designation on Joe Joe that would keep him away from Cullum. As for Officer Sheffler, IA Officer Crary allegedly told Cullum that Jesus would keep him safe from Officer Sheffler.

However, Cullum alleges that Officer Sheffler issued a false disciplinary ticket against him that same night. Cullum claims that he spoke with and wrote to Defendant Warden Jeff Korte to no avail. Thereafter, Cullum was found guilty on the disciplinary ticket and was sanctioned with one month segregation and lost one month of good conduct credit.

Cullum has filed this suit under 42 U.S.C. § 1983 alleging three separate claims against the three named Defendants. *First,* Cullum alleges that IA Officer Crary violated his constitutional rights by failing to protect him from Officer Sheffler and from Officer Sheffler writing a false disciplinary report against him. *Second*, Cullum alleges that Officer Sheffler violated his constitutional rights by harassing him and writing a false disciplinary ticket against him. *Third*, Cullum alleges that Warden Korte violated his constitutional rights by failing to conduct his own investigation and, instead, simply approving the discipline measures imposed against him. Cullum seeks injunctive relief in the form of the restoration of his good conduct credit and monetary damages.

Cullum's Complaint is barred by United States Supreme Court precedent. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a § 1983 claim for damages that "would necessarily imply the invalidity of [a plaintiff's] conviction or sentence" is not a

cognizable claim. *Id*. at 487. Similarly, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court held that claims that "necessarily imply the invalidity of the deprivation of [an inmate's] good time credits" are not cognizable under § 1983 unless the prison disciplinary decision has been invalidated. *Edwards*, 520 U.S. at 646-48.

Here, Cullum alleges that he did not make the threats against or otherwise intimidate Officer Sheffler that were the basis for the disciplinary ticket issued against him and for which IA Officer Crary alleged failed to protect him. Cullum further alleges that he lost good conduct credit as a result. Accordingly, Cullum's claims are barred unless and until the disciplinary committee's decision is overturned or reversed in some manner. *Dickey v. Harrington*, 2014 WL 5293560, * 6 (S.D. Ill. Oct. 16, 2014).

In addition, Cullum's claim against Warden Korte fails to state a claim upon which relief can be granted because prison officials do not have a free floating obligation to investigate inmate complaints. *Burks v. Raemisch,* 555 F.3d 592, 595–96 (7th Cir. 2009)(holding that a prison employee who is made aware of an inmate's complaint does not thereby assume an obligation to investigate or fix the problem). Prison officials must be allowed to rely upon the internal procedures and their subordinates to consider and resolve inmate issues without subjecting themselves to liability merely because an inmate has written a letter to them.

**IT IS, THEREFORE, ORDERED:**

    1.    Plaintiff's Complaint is dismissed as being barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). Any further amendment to the Complaint would be futile because his claim is not cognizable.

    2.    This dismissal shall count as one of the Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3. All pending motions are denied as moot.

4. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues he plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff chooses to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

**5. This case is, therefore, closed, and the Clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk is directed to record Plaintiff's strike in the three-strike log.**

ENTERED this 21st day of October, 2016

                                                                                /s Michael M. Mihm
                                                           MICHAEL M. MIHM
                                        UNITED STATES DISTRICT JUDGE